IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT CHAMPION,

    Plaintiff,

v.                              Civil Action No. 3:16CV647

DOCTOR M. DICOCCO, et al.,

    Defendants.

## MEMORANDUM OPINION

Robert Champion, a federal inmate proceeding pro se and in forma pauperis, filed this action seeking relief under Bivens[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq. The matter is before the Court on the Motion to Dismiss filed by Defendant Seven Corners, LLC ("Seven Corners"). (ECF No. 24.) For the reasons set forth below, the Motion (ECF No. 24) will be granted.

### I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS AND CLAIMS

### A. Champion's Allegations

Champion is a federal prisoner, currently incarcerated at the Federal Correctional Complex, in Petersburg, Virginia ("FCC

Petersburg"). (Compl. 1, ECF No. 1.)[2] "In late 2013, Plaintiff's colon became infected while on house arrest under the custody of the Federal Government. On December 24, 2013, Plaintiff had surgery to remove the infection while on federal house arrest at Roanoke Valley Hospital . . . ." (Id. at 8.) The surgeon informed Champion that the surgery would have to be completed at a later date because of complications. (Id.) Due to the fact that the surgery was not completed, Champion was left with a colostomy bag. (Id.) The surgeon informed Champion that he would be able complete the surgery so that Champion could have "anatomically correct bowel movements once [Champion] healed and lost weight." (Id. at 8-9.)

On April 28, 2014, Champion was moved to FCC Petersburg. (Id. at 9.) Despite the fact that Champion has healed and lost weight, doctors and officials at FCC Petersburg have not performed surgery to remove the colostomy bag. (Id. at 9-13.)

With respect to Seven Corners, the sum of Champion's allegations are as follows:

> On February 23, 2016 Doctor Piscatelli was notified by Seven Corners that Dr. Raydue want[ed] to do another evaluation tomorrow. Defendant Seven

---

[2] The Court removes the paragraph structure and omits the paragraph numbers in the quotations from Champion's Complaint. The Court corrects the spelling, punctuation, and capitalization in the quotations from Champion's Complaint. The Court employs the pagination assigned by the CM/ECF docketing system to Champion's submissions.

4

> Corners, LLC is the appointment scheduling contractor [for FCC Petersburg].
>
> On February 24, 2016, Dr. Raydue ordered a third CT scan and another colonoscopy due to the amount of time that had elapsed since the last CT scan and colonoscopy on July 31, 2015.
>
> On March 2, 2016 Plaintiff was again taken out to the outside hospital for a CT scan. . . .
>
> On March 25, 2016 the third colonoscopy was performed. Nothing abnormal was found.

(Id. at 12-13 (internal quotation marks omitted).)

### B. Champion's Claims

Based on the foregoing allegations, Champion makes the following claims against Seven Corners:[3]

| | |
|---|---|
| Claim One | Seven Corners violated Champion's rights under the Eighth Amendment by failing to provide timely and adequate medical care. (Id. at 13.) |
| Claim Two | Seven Corners acted with negligence in failing to provide adequate and timely medical care. (Id.) |
| Claim Four | Seven Corners violated Champion's right to equal protection because some of the defendants "referred to Plaintiff's surgery as 'cosmetic' and 'plastic surgery' despite providing hormone treatment [to] transgendered inmates similarly situated." (Id. 14.) |

### III. ANALYSIS

#### A. Champion Cannot Pursue A Bivens Claim Against Seven Corners

"[M]ost rights secured by the Constitution are protected only against infringement by governments." Flagg Bros., Inc. v.

---

[3] The Court omits Champions claims against the other defendants.

5

Brooks, 436 U.S. 149, 156 (1978) (citations omitted). In
Bivens, the Supreme Court held that:

> "violation of [the Fourth Amendment] by a federal
> agent acting under color of his authority gives rise
> to a cause of action for damages," despite the absence
> of any federal statute creating liability. 403 U.S.
> at 389. Carlson v. Green, 446 U.S. 14 (1980),
> extended Bivens to recognize an implied damages action
> against federal prison officials for violation of the
> Eighth Amendment.

Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006) (alteration in original) (parallel citations omitted). Nevertheless, "[t]he Bivens cause of action is not amenable to casual extension. Indeed, quite the opposite is true." Id.[4] The Supreme Court has made it clear that "[t]he purpose of Bivens is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) (emphasis added). Indeed, the Fourth Circuit has expressed significant doubt as to whether it would ever be appropriate to expand Bivens to cover private individuals or entities. See Holly, 434 F.3d at 291.

In this regard, the Supreme Court has emphasized the critical importance of the defendant's employment status in

---

[4] Justice Scalia observed that "Bivens is a relic of the heady days in which this Court assumed common-law powers to create causes of action—decreeing them to be 'implied' by the mere existence of a statutory or constitutional prohibition." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 75 (2001) (Scalia, J., concurring).

assessing the propriety of Bivens liability. See Minneci v. Pollard, 565 U.S. 118, 130-31 (2012). The courts have refused to extend Bivens liability to individuals, employed by a private corporation that was paid to act as the plaintiff's jailor. Holly, 434 F.3d at 292; see Minneci, 565 U.S. at 131 (refusing to extend Bivens liability to "privately employed personnel working at a privately operated federal prison").[5]

Furthermore, "the threat of suit against an individual's employer [is] not the kind of deterrence contemplated by Bivens." Corr. Servs. Corp., 534 U.S. at 70 (citation omitted) (refusing to extend Bivens liability to a corporate defendant). Therefore, Champion "has no right of action under Bivens against a private entity, such as [Seven Corners], even if the private entity engages in alleged constitutional violations while acting under color of federal law." James v. ServiceSource, Inc., 555 F. Supp. 2d 628, 639 (E.D. Va. 2008) (citing Corr. Servs. Corp., 534 U.S. at 70). Accordingly, as Champion has failed to identify an appropriate procedural vehicle for advancing his

---

[5] In considering whether to extend Bivens liability, the courts also consider whether "state tort law remedies provide roughly similar incentives for potential defendants" to respect an individual's constitutional rights. Minneci, 565 U.S. at 130. Champion fails to direct the Court to anything that suggests Virginia tort law fails to provide such adequate incentives. See Lewis v. Beach, No. 3:10CV731, 2012 WL 3069409, at *4 n.10 (E.D. Va. July 27, 2012).

constitutional claims against Seven Corners, Claim One and Four must be dismissed with prejudice with respect to Seven Corners.

### B. Champion Fails To State A Claim For Negligence Against Seven Corners.

The elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff. <u>Trimyer v. Norfolk Tallow Co.</u>, 66 S.E.2d 441, 443 (Va. 1951). Champion's sparse allegations with respect to Seven Corners fail to indicate that Seven Corners breached any duty of due care with respect to Champion, much less that such a breach resulted in damage to Champion. To the contrary, the allegations reflect that, as FCC Petersburg's scheduling contractor, Seven Corners fulfilled its duty to arrange for a CT scan and colonoscopy of Champion. Specifically, on February 24, 2016, Dr. Raydue ordered a CT scan and a colonoscopy for Champion and Seven Corners ensured that both procedures were performed within thirty days. (Compl. 12-13.) Accordingly, Claim Two against Seven Corners will be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, Champion fails to state a claim for relief against Seven Corners. Accordingly, Seven Corners's Motion to Dismiss (ECF No. 24) will be granted. Claims One and

Four against Seven Corners will be dismissed with prejudice. Claim Two against Seven Corners will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Order to Champion and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February ___, 2018