IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT CHAMPION,

    Plaintiff,

v.                                Civil Action No. 3:16CV647

DR. M. DICOCCO, et al.,

    Defendants.

**MEMORANDUM OPINION**

Robert Champion, a federal inmate proceeding pro se and in forma pauperis filed this action. The matter is before the Court on Champion's failure to serve Defendants Bernabe, Brown, Hutchings, and Wyche-Brown Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Federal Rule of Civil Procedure 4(m), Champion had ninety (90) days from the filing of the complaint to serve

---

[1] Rule 4(m) provides:

    If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

the defendants. Here, that period commenced on May 24, 2017.[2] By Memorandum Order entered on December 13, 2017, the Court directed to Champion to show good cause for his failure to serve Defendants Bernabe, Brown, Yirga, Hutchings, and Wyche-Brown within the time required by Rule 4(m). Champion responded and provided no excuse for failing to serve Defendants Bernabe, Brown, Hutchings, and Wyche-Brown in a timely manner.[3] Accordingly, all claims against Defendants Bernabe, Brown, Hutchings, and Wyche-Brown will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Champion.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 5, 2018
Richmond, Virginia

---

[2] The Court considers the complaint "filed" on the date it concludes statutory screening under the Prison Litigation Reform Act. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004).

[3] Champion provided information that indicated that he may not be responsible for the lack of service upon Defendant Yirga. Accordingly, by Memorandum Order entered on April 27, 2018, the Court directed the Marshal to once again attempt to serve Defendant Yirga. Defendant Yirga has now been served. (ECF No. 42.)